Masly, J.
The plaintiffs purchased lands described in the pleading3, of Jesse L. Bryan at a public salé in December 185-3.
At that time, as they allege, there were executions running upon a judgment against Bryan,- obtained in October 1851. At--the sale the defendants (the Sheriff in whose hands were the writs fi. fa. combining) fraudulently represented the debts to he satisfied, and thus induced the plaintiffs to buy the land in question.
*58 Notwithstanding the writs .of fi. fa. were continuously súéd out upon the judgment until January, 1857, when there was a levy upon the land, a sale,' and a purchase by Ritter. The plaintiffs charge a fraudulent combination on the part of Ritter and other defendants to encumber their title, and pray to have tjic cloud removed.
An exemplifibation of the entire record of the case of Ritter vs. Bryan, has been filed as an exhibit, from which it appears that although writs of fi. fa. were regularly issued from the date of the judgment, in 1851, to the sale in 1857,'yet none of them purported to be alias writs, which we deem necessary in order to keep up a Hen. See the cases of Yarborough vs. State Bank, 2 Dev. 23, Palmer vs. Clark, 2 Dev. 356, Dem ex dem. Arrington vs. Hodge, 2 Dev. 359, and Harvey vs. Spivey, 8 Ire. 63. -The discussion-’of this matter has generally arisen upon the question whether an alias as such, would attach as a lien from the test of the original. It seems to have been a conceded point' at till times, if' it were not an alias, that the lien would not attach.'
The law does not tolerate deception in its,process, by which purchasers and creditors may be entrapped. If a creditor' desires to continue his lien, he must cause the necessary writs to ,appear truly upon their face what he claims them to be, and each must go into the hands of the Sheriff where the property lies. '
It has been held when a levy is made under a fi. fa. and a fi. fa. again issues instead of a Vend. Exp., the lien is lost., When a fi. fa. purports to be an alias, but the original did not go into the hands of the Sheriff, but waif held up by the plaintiff, the lien does not extend beyond the teste of the alias. Where the alias and original were sent to different counties, the property not being in the county *59 to which the original was sent, the alias was not a lien, except from its own teste. ■ See authorities already cited.
Bote. — The decree declares “ that the defendants have no legal title to the land mentioned in the pleadings, and theaeiore are not trustees for the plaintiffs. "Wherefore it is ordered, &o., that the bill be dismissed, &o.
It will be seen from these principles, that although at. the'time of the sale to the plaintiffs in 1853, the laird was under the lien of ah. fa. from. October, ’53, to January ’54, yet this lien was lost. I he execution which issued from January to April'’54, did not purport to be an alias, which was necessary, as we have seen, in order to impart to it efheacy as a lien from thedeste of th§ previous writ. The fi. fa. under which the land was sold in 1857, was an original, and did not operate as a lien beyond its own teste. ^ .
We hold, therefore, that the title of the plaintiff is not obscured in such wise as to entitle him to call on this court for aid. He ma'y vindicate his rights in a Court of law. The' bill must be dismissed ; but without costs, except as to defendant Worthy, who-is entitlrd to costs.